**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | |
|---|---|
| ATLAS GLOBAL TECHNOLOGIES LLC, <br><br> *Plaintiff*, <br><br> v. <br><br> DELL TECHNOLOGIES INC. AND DELL INC., <br><br> *Defendants.* | Case No. 6:23-cv-00350-ADA <br><br> JURY TRIAL DEMANDED |

**DEFENDANTS DELL TECHNOLOGIES INC. AND DELL INC.'S**
**PARTIAL MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED COMPLAINT**
**FOR FAILURE TO STATE A CLAIM**

---

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ...................................................................................................................1

II.   FACTUAL BACKGROUND.................................................................................................1

III.  LEGAL STANDARD ..........................................................................................................3

IV.  ARGUMENT........................................................................................................................4

      A.    Atlas Has Not Plausibly Alleged Dell Had Pre-Suit Knowledge of the '310, '172, and '526 Patents or Pre-Suit Knowledge of Infringement of Those Patents. ...........................................................................................................5

            1.     *Actual Pre-Suit Knowledge*..................................................................5

            2.     *Willful Blindness* ...............................................................................10

      B.    Atlas Has Not Plausibly Alleged Inducement. .......................................................12

      C.    Atlas Has Not Plausibly Alleged Willfulness........................................................14

V.   CONCLUSION ...................................................................................................................16

Defendants' Partial Motion to Dismiss Second Amended Complaint Under Rule 12(b)(6)

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*Affinity Labs of Tex. LLC v. Toyota Motor N. Am., Inc.*,
No. W:13-cv-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) .........................................11

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)...................................................................................................................3

*Atlas Glob. Techs., LLC v. OnePlus Tech. (Shenzhen) Co.*,
No. 6-21-cv-01217-ADA, 2023 WL 2467887, -- F. Supp. 3d -- (W.D. Tex.
Mar. 10, 2023)...........................................................................................................................9

*Atlas Global Techs., LLC v. Sercomm Corp.*,
No. 6-21-cv-00818-ADA, 2022 WL 16557650, -- F. Supp. 3d -- (W.D. Tex.
Oct. 31, 2022) ........................................................................................................................4, 6

*Bayer Healthcare LLC v. Baxalta Inc.*,
989 F.3d 964 (Fed. Cir. 2021)...................................................................................................3

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)...................................................................................................................3

*BillJCo, LLC v. Apple Inc.*,
583 F. Supp. 3d 769 (W.D. Tex. 2022) .............................................................................8, 9, 10

*Commil USA, LLC v. Cisco Sys., Inc.*,
575 U.S. 632 (2015)...................................................................................................................3

*Dali Wireless Inc. v. Corning Optical Commc'ns LLC*,
No. 20-cv-06469-EMC, 2022 WL 16701926 (N.D. Cal. Nov. 3, 2022) ...................................7

*EON Corp. IP Holdings LLC v. FLO TV Inc.*,
802 F. Supp. 2d 527 (D. Del. 2011)..........................................................................................5

*Finjan, Inc. v. Cisco Sys. Inc.*,
No. 17-cv-00072, 2017 WL 2462423 (N.D. Cal. June 7, 2017)...........................................6, 7

*Flash-Control, LLC v. Intel Corp., C.A.*,
No. 19-cv-1107 (W.D. Tex. Oct. 31, 2019) ............................................................................15

*Global-Tech Appliances, Inc. v. SEB S.A.*,
563 U.S. 754 (2011)............................................................................................................10, 11

*Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*,
897 F.2d 508 (Fed. Cir. 1990).............................................................................................14, 15

Defendants' Partial Motion to Dismiss Second Amended Complaint Under Rule 12(b)(6)

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
    579 U.S. 93 (2016)..................................................................................................3, 4, 14, 15

*Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prods., Inc.*,
    No. 6:20-cv-00318-ADA, 2021 WL 4555802 (W.D. Tex. Oct. 4, 2021)..................................6

*Kyocera Wireless Corp. v. Int'l Trade Comm'n*,
    545 F.3d 1340 (Fed. Cir. 2008)..................................................................................................12

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
    869 F.3d 1372 (Fed. Cir. 2017)...................................................................................................3

*M&C Innovations, LLC v. Igloo Prod. Corp.*,
    No. 4:17-cv-2372, 2018 WL 4620713 (S.D. Tex. July 31, 2018) ...........................................15

*Meetrix IP, LLC v. Cisco Systems, Inc.*,
    No. 1-18-cv-309-LY, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018)...............................15, 16

*Memory Integrity, LLC v. Intel Corp.*,
    144 F. Supp. 3d 1185 (D. Or. 2015) .........................................................................................13

*MONEC Holding AG v. Motorola Mobility, Inc.*,
    897 F. Supp. 2d 225 (D. Del. 2012)......................................................................................9, 12

*Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,
    843 F.3d 1315 (Fed. Cir. 2016)...................................................................................................9

*Proxyconn Inc. v. Microsoft Corp.*,
    No. SACV 11-1681 DOC ANX, 2012 WL 1835680 (C.D. Cal. May 16, 2012) ..............13, 14

*Ravgen, Inc. v. Quest Diagnostics Inc.*,
    21-cv-09011-RGK, 2022 WL 2047613 (C.D. Cal. Jan. 18, 2022)....................................13, 15

*SiOnyx, LLC v. Hamamatsu Photonics K.K.*,
    330 F. Supp. 3d 574 (D. Mass. 2018) .........................................................................................6

*Slot Speaker Techs, Inc. v. Apple, Inc.*,
    13-cv-01161-HSG, 2017 WL 4354999 (N.D. Cal. Sept. 29, 2017) .........................................13

*Textile Comp. Sys. v. Broadway Nat'l Bank*,
    620 F. Supp. 3d 557 (W.D. Tex. Aug. 5, 2022) (Albright, J.)...............................................4, 8

*Toshiba Corp. v. Imation Corp.*,
    990 F. Supp. 2d 882 (W.D. Wis. 2013) ..................................................................................6, 7

*VLSI Tech., LLC v. Intel Corp.*,
    No. 6:19-cv-254-ADA, 2019 WL 11025759 (W.D. Tex. Aug. 6, 2019) ................................16

Defendants' Partial Motion to Dismiss Second Amended Complaint Under Rule 12(b)(6)

*VLSI Tech. LLC v. Intel Corp.*,
No. CV 18-966-CFC, 2019 WL 1349468 (D. Del. Mar. 26, 2019)..........................................14

*Warner-Lambert Co. v. Apotex Corp.*,
316 F.3d 1348 (Fed. Cir. 2003).................................................................................................13

*Xiros, Ltd. v. Depuy Synthes Sales, Inc.*,
No. 21-cv-00681-ADA, 2022 WL 3592449 (W.D. Tex. Aug. 22, 2022)
(Albright, J.).............................................................................................................................10

*ZapFraud, Inc. v. Barracuda Networks, Inc.*,
528 F. Supp. 3d 247 (D. Del. Mar. 24, 2021) ...........................................................................14

FEDERAL STATUTES

35 U.S.C. § 284..............................................................................................................................2, 15

FEDERAL RULES

Fed. R. Civ. Proc. 12(b)(6) ........................................................................................................1, 3, 4

Defendants' Partial Motion to Dismiss Second Amended Complaint Under Rule 12(b)(6)

## I.    INTRODUCTION

Atlas Global Technologies LLC ("Atlas") alleges that Dell Technologies Inc. and Dell Inc. (collectively, "Dell") infringe eight patents,[1] which Atlas contends are essential to the 802.11ax (also called "Wi-Fi 6") wireless networking standard. Atlas's allegations of induced and willful infringement of the '310, '172, and '526 patents fail to state a plausible claim for relief under Federal Rule of Civil Procedure 12(b)(6) because the Second Amended Complaint ("Complaint") does not plausibly allege facts sufficient to show that Dell was aware of those patents or their alleged infringement before this lawsuit, let alone that Dell had specific intent to infringe them or to induce their infringement.

Although the Complaint alleges that Atlas informed Dell generally of its patent portfolio and that Dell agreed to perform a technical analysis of patents identified in Atlas's then-filed complaints against third parties, none of those complaints identified the '310, '172, or '526 patents. Atlas does not allege that it specifically identified those patents to Dell or stated the basis of any alleged infringement by Dell of those patents prior to the filing of this lawsuit. Atlas's reliance on post-suit notice through the Complaint itself is also insufficient because it fails to support any inference of specific intent to induce infringement of the '310, '172, and '526 patents, and merely alleges the type of garden-variety patent case that is insufficient for finding willfulness.

The Court should dismiss Atlas's claims for indirect and willful infringement as to the '310, '172, and '526 patents.

## II.    FACTUAL BACKGROUND

Atlas contends that the Asserted Patents are essential to the Wi-Fi 6 wireless networking standard. *See* Dkt. 48 ("Compl.") ¶¶ 22, 23, 29. Atlas is a patent licensing company that did not contribute to the development of the Wi-Fi 6 standard, but it alleges it owns the Asserted Patents,

---

[1] The Asserted Patents are U.S. Patent Nos. 9,628,310; 9,763,259; 9,825,738; 9,848,442; 9,912,513; 10,020,919; 10,327,172; and 10,542,526. The Asserted Patents are referred to herein by their last three digits.

Defendants' Partial Motion to Dismiss Second Amended Complaint Under Rule 12(b)(6)

having purchased them in 2021 from Newracom, Inc. ("Newracom"). *Id*. ¶ 6. The Complaint alleges that Dell directly infringes the Asserted Patents by making, using, offering to sell, selling, or importing various laptops, 2-in-1 PCs, and desktop computers that comply with the Wi-Fi 6 standard. *See, e.g.*, *id*. ¶¶ 2, 30. With respect to indirect infringement, Atlas alleges that Dell has induced infringement by advertising that its products support the Wi-Fi 6 standard, instructing customers on how to connect the Accused Products to Wi-Fi networks, and providing technical support to customers. *See id*. ¶¶ 3, 47–48, 57–59, 67–69, 80–81, 90–92, 99–101, 114, 115, 122–24. Atlas also alleges that Dell's infringement "has been and continues to be" willful, and thus seeks enhancement of any damages under 35 U.S.C. § 284. *Id*. ¶ 132.

The Complaint alleges that "Dell has known that Newracom possessed patents relating to the 802.11ax Standard since at least March 11, 2015," the date on which "Newracom submitted a Letter of Assurance for Essential Patent Claims ('LOA') to the IEEE." *Id*. ¶ 23. However, the Asserted Patents were not issued until years later, between April 18, 2017 and January 21, 2022. On June 21, 2021, Atlas allegedly "sent Dell letters" offering "to license Standard Essential Patents (SEP) in Wi-Fi 6." *Id.* ¶ 24. Those letters referred to a "portfolio [of] over 75 granted patent families, consisting of 360+ worldwide patents and applications," but they did not identify any of the Asserted Patents or allege that Dell infringed any of the Asserted Patents. *Id.*, Exs. I–K. The Complaint further alleges that at an August 3, 2021 meeting, Atlas informed representatives of Dell that Atlas possessed a Wi-Fi 6 portfolio of 176 patents and informed Dell that the patents related to "trigger frames, simultaneous multi-user acknowledgement, spatial reuse, and multi-user synchronization," and "covered, for example, Dell's Desktops and Laptops that implemented Wi-Fi capabilities." *Id.* ¶ 25. The Complaint alleges that on December 9, 2021, Dell said it would conduct a "technical analysis as [Atlas] suggest[ed] by reviewing the patents identified in publicly available information from the patent infringement complaints Atlas ha[d] filed" against Samsung, ASUS, Sercomm, TP-Link, and OnePlus. *Id.* ¶ 26. However, the then-filed complaints identified only the '259, '738, '442, '513, and '919 patents. *Id*. As a fallback,

Defendants' Partial Motion to Dismiss Second Amended Complaint Under Rule 12(b)(6)

Atlas alleges that Dell was at least aware of all eight of the Asserted Patents "as of the date of filing of the initial Complaint." *Id.* ¶ 28.

## III.    LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may move to dismiss asserted claims for "failure to state a claim upon which relief can be granted." To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quotation marks omitted). A plausible claim must do more than merely allege entitlement to relief; it must support the grounds for that entitlement with sufficient factual content. *Id.* Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Id.*

To state a claim for induced infringement, "a complaint must plead facts plausibly showing that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.'" *Lifetime Indus., Inc. v. Trim-Lok, Inc.*, 869 F.3d 1372, 1379 (Fed. Cir. 2017). To state a claim for enhanced damages due to willful infringement, Atlas must allege facts giving rise to a reasonable inference that Dell not only engaged in deliberate or intentional infringement, but also that Dell's conduct was "willful, wanton, malicious, [in] bad faith, deliberate, consciously wrongful, flagrant, or—indeed—characteristic of a pirate." *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93, 103-04 (2016). Thus, to succeed on its claims for induced and willful infringement, Atlas must plead, among other things, facts sufficient to show that Dell had both knowledge of the Asserted Patents and knowledge of infringement. *See Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632, 639 (2015) ("[L]iability for inducing infringement attaches only if the defendant knew of the patent and that 'the induced acts constitute patent infringement.'"); *Bayer Healthcare LLC v. Baxalta Inc.*, 989 F.3d 964, 987 (Fed. Cir. 2021) (knowledge of the asserted patents and of infringement is

necessary, but not sufficient, for willfulness). For instance, "[t]o show pre-suit willful infringement, the Court will typically require that the defendant receives a notice letter identifying the asserted patents, identifying the accused products, and suggesting that the accused products are either relevant to or infringe the asserted patents." *Textile Comp. Sys. v. Broadway Nat'l Bank*, 620 F. Supp. 3d 557, 567 (W.D. Tex. Aug. 5, 2022) (Albright, J.).

## IV.    ARGUMENT

Atlas fails to plausibly allege pre-suit knowledge of the '310, '172, and '526 patents or of infringement of those patents. Even taking its allegations as true under the Rule 12(b)(6) standard, Atlas alleges that Dell, at most, had only general knowledge of a patent portfolio and awareness of the specific patents that Atlas asserted against other defendants as of December 2021, which did not include those three patents. This Court previously dismissed Atlas's similar pre-suit indirect infringement and willfulness claims in *Atlas Global Techs., LLC v. Sercomm Corp.*, No. 6-21-cv-00818-ADA, 2022 WL 16557650, at *4-6, -- F. Supp. 3d -- (W.D. Tex. Oct. 31, 2022). Here too, the Court should dismiss Atlas's pre-suit claims of induced infringement and willfulness as to the patents that Atlas's alleged pre-suit communications failed to identify, much less explain how Dell's products allegedly infringed.

Atlas's claims for *post-suit* induced infringement and willfulness as to the '310, '172, and '526 patents fail for further reasons. As for induced infringement, although Atlas alleges that Dell instructs users to act in a way that allegedly infringes, the Complaint fails to allege facts that support inferring Dell **specifically intends** for its users to infringe. And with respect to willfulness, mere knowledge of alleged infringement through the filing of a lawsuit is typical of any "garden-variety" patent infringement case and does not meet the *Halo* standard. 579 U.S. at 109. Therefore, the Court should also dismiss Atlas's claims for post-suit indirect and willful infringement as to the '310, '172, and '526 patents for failure to state a claim.[2]

---

[2] Atlas appears to only allege indirect infringement through inducement. Any claim for indirect infringement through contributory infringement would fail for the same reasons discussed herein.

Defendants' Partial Motion to Dismiss Second Amended Complaint Under Rule 12(b)(6)

**A.    Atlas Has Not Plausibly Alleged Dell Had Pre-Suit Knowledge of the '310, '172, and '526 Patents or Pre-Suit Knowledge of Infringement of Those Patents.**

**1.    *Actual Pre-Suit Knowledge***

Atlas makes four allegations to try to establish that Dell had actual pre-suit knowledge of the Asserted Patents: (1) Newracom's 2015 Letter of Assurance; (2) Atlas's 2021 correspondence; (3) Atlas's August 3, 2021 conference with Dell representatives; and (4) lawsuits against Dell's competitors. Those allegations fail to plausibly allege facts sufficient to show that Dell had knowledge of the '310, '172, or '526 patents or of the alleged infringement of those patents. Without such knowledge there could also be no specific intent to infringe those patents or induce others' infringement of those patents.

***First***, Atlas asserts that, on March 11, 2015, Newracom submitted a Letter of Assurance for Essential Patent Claims to the IEEE. Compl. ¶ 23. Atlas does not allege that Dell received the letter, which was addressed to the IEEE. Atlas's allegation that Dell monitored the patents covered by Newracom's Letter of Assurance, Compl. ¶ 23, proves too much. Under that logic, Atlas would never need to provide actual notice or allege actual pre-suit knowledge in any case because every company operating in the Wi-Fi area—thousands of companies—would somehow be presumed to know of the '310, '172, and '526 patents. Allegations that rely on market participation alone to establish knowledge of patents-in-suit are insufficient, especially in an ever-evolving technical field such as the Wi-Fi area. *See, e.g.*, *EON Corp. IP Holdings LLC v. FLO TV Inc.*, 802 F. Supp. 2d 527, 533 (D. Del. 2011) (rejecting the reasoning that "defendants knew or should have known of the [patent-in-suit] by virtue of their participation in the interactive television market," "particularly given the rapidly changing nature of technologically-based markets such as interactive television").

Even if Atlas had plausibly alleged Dell had notice of the Letter of Assurance, that would still be insufficient to allege knowledge of the '310, '172, and '526 patents because Atlas does not, and cannot, allege that the letter identified any of those patents. General knowledge of a portfolio or even actual knowledge of underlying patent applications is not sufficient to plausibly

-5-

Defendants' Partial Motion to Dismiss Second Amended Complaint Under Rule 12(b)(6)

alleged knowledge of the asserted patents. *See SiOnyx, LLC v. Hamamatsu Photonics K.K.*, 330 F. Supp. 3d 574, 609 (D. Mass. 2018) (collecting cases). In fact, the letter was dated more than two years before the first of the Asserted Patents (the '310 patent) was granted in April 2017, and nearly five years before the last of the Asserted Patents (the '526 patent) was granted in January 2020. *See* Compl. ¶¶ 37, 118.

**Second**, Atlas alleged that it sent Dell a letter on June 21, 2021, offering "an opportunity . . . to license Standard Essential Patents (SEP) in Wi-Fi 6." Compl. ¶ 128. Atlas attaches the letter to its Complaint. *See* Compl., Exs. I-K. This allegation, too, fails to plausibly allege facts showing knowledge of infringement of the '310, '172, and '526 patents. The letter generically referred to "over 75 granted patent families, consisting of 360+ worldwide patents and applications." *Id.* It did not identify the '310, '172, or '526 patents or their underlying applications, or assert that any of Dell's products infringed any patents, much less articulate the basis for any alleged infringement. This Court has adopted the same approach as "[m]ultiple district courts, post-*Halo*, [that] have held that general knowledge of a patent portfolio without more is insufficient even to plausibly allege knowledge of a particular asserted patent." *Sercomm*, 2022 WL 16557650, at *5; *see also Kirsch Rsch. & Dev., LLC v. Tarco Specialty Prods., Inc.*, No. 6:20-cv-00318-ADA, 2021 WL 4555802, at *2 (W.D. Tex. Oct. 4, 2021) (dismissing claims for pre-suit indirect infringement).

For example, in *Toshiba Corp. v. Imation Corp.*, the plaintiff sent the defendant a letter identifying "360 or so patents [] as being essential to recordable media." 990 F. Supp. 2d 882, 900 (W.D. Wis. 2013). The court held that the defendant did not have notice of infringing conduct, finding the correspondence "scattershot" and "unfairly shift[ing] the burden to defendants to attempt to identify accurately any potentially infringing conduct so as *not* to be faced with an award of pre-suit damages in the event it was sued for infringement." *Id*. at 901 (emphasis in original); *see also, e.g.*, *Finjan, Inc. v. Cisco Sys. Inc.*, No. 17-cv-00072, 2017 WL 2462423, at *5 (N.D. Cal. June 7, 2017) ("[T]he [complaint] never ties . . . general knowledge of Finjan's patent portfolio to the Asserted Patents, nor makes any factual allegations that Cisco

specifically learned of the Asserted Patents. Knowledge of a patent portfolio generally is not the same thing as knowledge of a specific patent."). Here, as in *Toshiba*, the letters allegedly conferring knowledge that the '310, '172, and '526 patents were infringed referred to hundreds of "worldwide patents and applications" in a broad field, without specifically identifying any particular patents (or even U.S. patents) or asserting infringement of such patents. Compl., Exs. I-K. Accordingly, Atlas's 2021 correspondence was insufficient to impart knowledge of alleged infringement.

**Third**, the Complaint alleges that on August 3, 2021, Atlas gave a presentation regarding the portfolio to Dell representatives, informing them that "the portfolio included '176 Issued U.S. Patents'" covering allegedly new Wi-Fi 6 functionalities such as "trigger frames, simultaneous multi-user acknowledgment, spatial reuse, and multi-user synchronization." Compl. ¶ 25. These allegations fail to support a plausible inference that there were "detailed discussions about individual patents, such that [the defendant] could have gained knowledge of" the '310, '172, and '526 patents. *See Finjan, Inc.*, 2017 WL 2462423, at *5 (rejecting as insufficient an allegation that the defendant attended presentations in which the patent holder discussed "its issued and pending patents and its patented technology"). As before, Atlas alleged that the presentation referred generally to a portfolio of hundreds of patents, not to any specific patent, much less the three at issue here. But to plausibly allege knowledge, the patentee must allege it "identif[ied] the specific patents during its discussion with [the defendant]." *Dali Wireless Inc. v. Corning Optical Commc'ns LLC*, No. 20-cv-06469-EMC, 2022 WL 16701926 at *3 (N.D. Cal. Nov. 3, 2022).

References to the general subject matter of the patents also is insufficient. For example, in *Dali Wireless*, the court found allegations that the patentee had demonstrated its "integrated digital radio distribution platform," and "its dynamic capacity allocation load-balancing technique," was insufficient to impart knowledge of patents that related to this function. *Id*. at *1, 4. Atlas's alleged reference to functionalities such as "trigger frames," "simultaneous multi-user acknowledgment," "spatial reuse," and "multi-user synchronization" are unavailing. None of

those terms appears in the claims of the '310 and '172 patents, which are titled "Long Training Field Sequence Construction." None of the terms appear in the claims of the '526 patent either, which is titled "Processing PPDU based on BSS Identification Information." Compl. Exs. A, G, H. The generic descriptions Atlas allegedly used do not plausibly lead to an inference that Dell was aware of the '310, '172, and '526 patents from among a highly technical portfolio of at least 176 patents, or that Atlas actually notified Dell of allegedly infringing those specific patents.

*Fourth*, the Complaint alleges that a representative of Dell agreed to conduct a "technical analysis as you suggest by reviewing the patents identified in publicly available information from the patent infringement complaints Atlas has filed." Compl. ¶ 26. The Complaint alleges that Atlas effectively pointed Dell to the '259, '738, '442, '513, and '919 patents based on the lawsuits filed against other defendants at the time, *id*., but it does not allege the same with respect to the '310, '172, and '526 patents.

Indeed, Atlas cannot plausibly allege that Dell knew of the '310, '172, and '526 patents based on Dell's supposed awareness of five other patents in Atlas's patent portfolio. This Court has declined to adopt a rule that notice of certain patents in a portfolio constitutes constructive notice of other patents in that portfolio. *BillJCo, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 776 (W.D. Tex. 2022) (Albright, J.). For instance, in *Textile Computer*, the plaintiff alleged the defendant induced infringement of five patents, each related to "payment authorization technology . . . that process transactions, such as debit or credit card transactions." 620 F. Supp. 3d at 561. To establish knowledge of infringement of the five patents, the plaintiff alleged it sent pre-suit letters to the defendant "describ[ing] certain implementations of the patented technology and specifically identif[ying]" two of the five patents. *Id*. at 565. This Court granted defendant's motion to dismiss claims of induced infringement regarding the remaining three patents for failure to adequately plead knowledge of the patents. *Id*.; *see also BillJCo*, 583 F. Supp. 3d at 776 (finding inadequate allegation of pre-suit knowledge as to one of six asserted patents). Here, the Complaint alleges that Dell was in fact able to identify five of the Asserted Patents based on Atlas's correspondence. But none of those five patents are even in the same family as the '310,

Defendants' Partial Motion to Dismiss Second Amended Complaint Under Rule 12(b)(6)

'172, or '526 patents. And when Dell requested "specific patent numbers," "sections of the standard," and "claim charts" in order to try to understand Atlas's assertions, Atlas refused again and again. Compl. Ex. L at 1-3.[3] An allegation that Dell was aware of certain specific patents because Atlas had suggested identifying them from publicly filed complaints does not adequately plead knowledge of other patents in Atlas's patent portfolio and any alleged infringement of those other patents.

Nor can Atlas allege the requisite pre-suit knowledge for the '310, '172, and '526 patents based on its allegation that, on information and belief, Dell monitors lawsuits against its "competitors" more generally. Compl. ¶ 27. Atlas fails to set forth any factual basis that would make this "information and belief" allegation plausible. Courts, including this one, have rejected the "fanciful" inference that a lawsuit against one company is sufficient to provide notice of specific asserted patents to all of the company's competitors. *See, e.g.*, *Atlas Glob. Techs., LLC v. OnePlus Tech. (Shenzhen) Co.*, No. 6-21-cv-01217-ADA, 2023 WL 2467887, at *5-7, -- F. Supp. 3d -- (W.D. Tex. Mar. 10, 2023) (dismissing pre-suit willfulness claims); *MONEC Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 232 (D. Del. 2012) (rejecting as "'fanciful'" the argument "that an alleged infringer's actual knowledge of a competitor's suit concerning the same patent would be sufficient to withstand dismissal at the pleading stage").[4]

Even if the above allegations somehow adequately plead that Dell had pre-suit knowledge of the '310, '172, and '526 patents (they do not), they fail to sufficiently plead pre-suit knowledge of ***infringement*** of those patents. "Mere knowledge of the Asserted Patents is not enough." *BillJCo*, 583 F. Supp. 3d at 777. Atlas must show "knowledge that the induced acts ***constitute patent infringement***." *Power Integrations, Inc. v. Fairchild Semiconductor Int'l, Inc.*,

---

[3] Atlas alleges that a list of its patents is *now* publicly available on its website. Compl. ¶ 26. However, it conspicuously fails to allege that this website was available as of the late 2021 correspondence or that it ever actually provided Dell with a patent list.

[4] And in any event, none of the lawsuits Atlas identifies in the Complaint even alleged infringement of the '526 patent. *See* Compl. ¶ 27.

Defendants' Partial Motion to Dismiss Second Amended Complaint Under Rule 12(b)(6)

843 F.3d 1315, 1332 (Fed. Cir. 2016).[5] As discussed above, none of the allegations in the Complaint alleges that Atlas actually "notified [Dell] that it infringed" those three patents or "identified [Dell's] products accused of infringement." *BillJCo*, 583 F. Supp. 3d at 777. The Complaint thus fails to plausibly plead actual knowledge of infringement as to those patents.

### 2.    *Willful Blindness*

Atlas's Complaint relies in the alternative on a boilerplate assertion that Dell's infringement occurred with willful blindness. Compl. ¶¶ 131–32. Although the Supreme Court has held that willful blindness may in certain instances substitute for actual knowledge, *see Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766-68 (2011) (applying willful blindness for induced infringement), Atlas's allegation of willful blindness is unavailing because it is unsupported by factual pleadings.

Willful blindness is still rooted in knowledge: it is fundamental that "persons who know enough to blind themselves to direct proof of critical facts *in effect have actual knowledge* of those facts." *Id.* A showing of willful blindness requires that "(1) [t]he defendant must subjectively believe that there is a high probability that a fact exists and (2) the defendant must take deliberate actions to avoid learning of that fact." *Id*. at 769. This is not mere recklessness. "[A] willfully blind defendant is one who takes deliberate actions to avoid confirming a high probability of wrongdoing *and who can almost be said to have actually known* the critical facts." *Id*. "By contrast, a reckless defendant is one who merely knows of a substantial and unjustified risk of such wrongdoing." *Id*. at 770. As the *Global-Tech* Court held, it is insufficient to establish willful blindness when "there is merely a 'known risk' that the induced acts are infringing" or when the defendant is "only 'deliberate[ly] indifferen[t]' to that risk." *Id*.; *see also, e.g.*, *Xiros, Ltd. v. Depuy Synthes Sales, Inc.*, No. 21-cv-00681-ADA, 2022 WL 3592449, at *4 (W.D. Tex. Aug. 22, 2022) (Albright, J.) (granting dismissal where plaintiff did not plead facts suggesting that any entity took deliberate actions to avoid learning of the asserted patents).

---

[5] All emphases are added unless otherwise noted.

Defendants' Partial Motion to Dismiss Second Amended Complaint Under Rule 12(b)(6)

Atlas has not alleged facts sufficient to show Dell had a subjective belief before this lawsuit that there was a high probability of infringing the '310, '172, or '526 patents. For example, in *Global-Tech*, the defendant "cop[ied] all but the cosmetic features" of patentee's product, indicating "[defendant's] belief that [patentee's product] embodied advanced technology that would be valuable in the U.S. market." 563 U.S. at 771. The court inferred from this deliberate action that the defendant subjectively believed there was a high probability that its product infringed patentee's patents. Here, in contrast, Atlas merely parrots that "Dell believed with high probability that its Wi-Fi 6 products infringed." Compl. ¶ 131. But as discussed above, *see* § IV.A, *supra*, the pre-suit letters and meeting failed to identify the '310, '172, and '526 patents or any basis for their alleged infringement, and thus are insufficient to support an inference that Dell had a subjective belief of a high probability of infringement. This Court has found that even circumstances where a plaintiff had "previously sued [the defendant] for infringement of similar patents," and the defendant allegedly had "awareness of a plaintiff's patent portfolio," are insufficient to plead willful blindness. *See Affinity Labs of Tex. LLC v. Toyota Motor N. Am., Inc.*, No. W:13-cv-365, 2014 WL 2892285, at *6 (W.D. Tex. May 12, 2014). Far less has been pleaded here.

Atlas has also failed to sufficiently allege facts that would show Dell took deliberate actions to avoid learning of its alleged infringement of the '310, '172, and '526 patents. For example, in *Global-Tech*, the defendant copied an overseas version of patentee's product, aware that it would not bear U.S. patent markings, and decided not to inform its attorney conducting a right-to-use study that its design was copied from the patentee's product. *Id.* at 771. The *Global-Tech* Court noted "we cannot fathom what motive [Defendant's employee] could have had for withholding this information other than to manufacture a claim of plausible deniability in the event that his company was later accused of patent infringement." *Id*. Here, Atlas alleges no facts suggesting any actions by Dell to avoid learning of any infringement of the '310, '172, and '526 patents or to merely manufacture a claim of plausible deniability. Indeed, Atlas alleges that Dell's representatives engaged in "ongoing discussions," "had several meetings and exchanged

multiple emails regarding Atlas's Wi-Fi 6 portfolio," and agreed to perform a "technical analysis as you suggest by reviewing the patents identified in publicly available information from the patent infringement complaints Atlas has filed." Compl. ¶ 26. Despite Dell's repeated attempts to get more information, it was Atlas who "w[ould] not disclose claim charts to Dell." Compl. Ex. L at 3. If anything, the allegations show that Dell tried in good faith to understand Atlas's concerns, not to willfully blind itself.

Accordingly, Atlas's conclusory allegation of willfulness blindness does not plausibly allege knowledge of infringement of the '310, '172, and '526 patents.

### B.      Atlas Has Not Plausibly Alleged Inducement.

Because inducement requires knowledge that a third party's acts constitute infringement, Atlas's failure to plausibly allege that Dell had pre-suit knowledge of the '310, '172, and '526 patents or of their alleged infringement precludes pre-suit inducement. Atlas's claims of pre-suit indirect infringement against those patents should be dismissed on this basis alone.

Atlas's claims for pre-suit induced infringement of the '310, '172, and '526 patents also fail to sufficiently allege specific intent to cause infringement. Specific intent "requires more than just intent to cause the acts that produce direct infringement . . . [T]he inducer must have an affirmative intent to cause direct infringement." *Kyocera Wireless Corp. v. Int'l Trade Comm'n*, 545 F.3d 1340, 1354 (Fed. Cir. 2008). Here, Atlas alleges that Dell advertises its products as being compatible with Wi-Fi 6 and "instructs its customers on how to connect the Accused Products to Wi-Fi networks." Compl. ¶ 48. But "[a]llegations of the marketing activities of the Defendants"—such as "conduct in selling, advertising, supplying, and instructing its respective customers on the use of the [allegedly] infringing product"—"do not, on their own, demonstrate that Defendants knew such activities were infringing or that Defendants possessed the specific intent to encourage another's infringement." *MONEC*, 897 F. Supp. 2d at 234. Absent knowledge of such acts constituting *infringement*, such generic contentions do no more than allege an intent to cause an act, not specific intent to cause infringement. This is particularly true where, as here, there can be no dispute that the Accused Products—which are general purpose

Defendants' Partial Motion to Dismiss Second Amended Complaint Under Rule 12(b)(6)

computers—have substantial non-infringing uses; as Atlas admits, the products are backwards compatible with non-infringing Wi-Fi standards. *See* Compl. ¶ 19. Without plausible allegations of knowledge of infringement, such non-infringing uses preclude an inference of intent to cause direct infringement. *See, e.g.*, *Warner-Lambert Co. v. Apotex Corp.*, 316 F.3d 1348, 1365 (Fed. Cir. 2003) ("Where there are many uses for a product . . . , we are not in a position to infer or not infer intent . . . without any direct evidence."); *Memory Integrity, LLC v. Intel Corp.*, 144 F. Supp. 3d 1185, 1196 (D. Or. 2015) (dismissing claims for induced infringement, as defendant's alleged instructions and technical support "simply describe[d] how [defendant's] accused products work[e]d" and "[did] not so much 'teach an infringing use' as identify and describe allegedly infringing functionality").[6]

Atlas's claims for post-suit inducement of the '310, '172, and '526 patents fail for similar reasons. For post-suit inducement of those patents, "the *only* allegation that purports to establish the knowledge element is the allegation that the complaint itself or previous complaints in the same lawsuit establish the defendant's knowledge of the patent." *Proxyconn Inc. v. Microsoft Corp.*, No. SACV 11-1681 DOC ANX, 2012 WL 1835680, at *5 (C.D. Cal. May 16, 2012) (emphasis in original). Even if Atlas's Complaint itself is sufficient to provide knowledge of alleged infringement, a plaintiff cannot "bootstrap the knowledge Defendants *now* have based on Plaintiff's filing of the Complaint onto [D]efendant's acts *before* Plaintiff filed its complaint." *Id.* at *5. Rather, "where a Defendant continues their allegedly infringing operation after they are sued, they may simply 'subjectively believe[] the plaintiff's patent infringement action has no merit.'" *Ravgen, Inc. v. Quest Diagnostics Inc.*, 21-cv-09011-RGK, 2022 WL 2047613, at *3 (C.D. Cal. Jan. 18, 2022) (quoting *Slot Speaker Techs, Inc. v. Apple, Inc.*, 13-cv-01161-HSG, 2017 WL 4354999, at *2 (N.D. Cal. Sept. 29, 2017)) (alteration in original) (dismissing post-suit

---

[6] To the extent Atlas is alleging that any of the Accused Products infringe as access points that create wireless networks (as opposed to stations that connect to wireless networks), Atlas also fails to allege that Dell specifically encourages customers to use any of the Accused Products as access points.

Defendants' Partial Motion to Dismiss Second Amended Complaint Under Rule 12(b)(6)

claims of induced infringement that were based solely on defendant's post-suit knowledge).[7] Such conduct is hardly an indication of affirmative intent to cause direct infringement.

The Court should therefore dismiss Atlas's claims for induced infringement of the '310, '172, and '526 patents.

### C. Atlas Has Not Plausibly Alleged Willfulness.

Atlas's failure to plausibly allege pre-suit knowledge of the '310, '172, and '526 patents or of their alleged infringement, *see* § IV.A, *supra*, also precludes pre-suit willfulness, as Dell could not have committed deliberate or intentional pre-suit infringement. Atlas's claims of pre-suit willfulness against those patents should therefore be dismissed on this basis alone.

Atlas's willful infringement claim also fails because it merely parrots a boilerplate assertion of "objective recklessness." Compl. ¶ 132. Not only is that allegation unsupported by any factual assertion, but objective recklessness is also no longer sufficient as a matter of law to meet the scienter requirement for willfulness. In *Halo*, the Supreme Court expressly rejected that standard, holding that "[t]he subjective willfulness of a patent infringer, intentional or knowing, may warrant enhanced damages, ***without regard to whether his infringement was objectively reckless***." 579 U.S. at 105. Thus, the touchstone set forth in *Halo* is the alleged infringer's subjective knowledge. *Id.* ("[C]ulpability [for willfulness] is generally measured against the knowledge of the actor at the time of the challenged conduct."). Atlas's conclusory allegation of objective recklessness cannot state a claim for willfulness.

---

[7] Requiring a plaintiff to plead knowledge based on facts other than the filing of the lawsuit itself also "furthers judicial economy and preserves parties' resources by encouraging resolution prior to filing a lawsuit." *Proxyconn*, 2012 WL 1835680, at *5 (collecting cases); *see also ZapFraud, Inc. v. Barracuda Networks, Inc.*, 528 F. Supp. 3d 247, 250-51 (D. Del. Mar. 24, 2021) (collecting cases, and observing that courts should not "allow[] a plaintiff to prove an element of a legal claim with evidence that the plaintiff filed the claim"). Such policy rationales apply not only to claims for indirect infringement but also to claims for willfulness. *See ZapFraud*, 528 F. Supp. 3d at 250-51 ("The policies that govern our patent system make the requirement of pre-suit knowledge of the asserted patents especially warranted for enhanced damages claims."); *see also Gustafson, Inc. v. Intersystems Indus. Prods., Inc.*, 897 F.2d 508, 511 (Fed. Cir. 1990) (warning against "reward[ing] use of the patent system as a form of ambush"); *VLSI Tech. LLC v. Intel Corp.*, No. CV 18-966-CFC, 2019 WL 1349468, at *2 (D. Del. Mar. 26, 2019) ("[T]he purpose of a complaint is not to create a claim but rather to obtain relief for an existing claim.").

Defendants' Partial Motion to Dismiss Second Amended Complaint Under Rule 12(b)(6)

Even if Atlas's allegations that Dell learned of the Asserted Patents with the filing of the Complaint were sufficient to establish *post-suit* knowledge, Atlas's allegations fail to meet the standard for a claim for willful infringement as to the '310, '172, and '526 patents. The *Halo* Court was clear that enhanced damages under 35 U.S.C. § 284 "are not to be meted out in a typical infringement case, but are instead designed as a 'punitive' or 'vindictive' sanction for egregious infringement behavior." 579 U.S. at 103.

Here, Atlas's post-suit allegations concerning the '310, '172, and '526 patents present exactly the type of "garden-variety" patent case that *Halo* deems insufficient for finding willfulness. *Id.* at 109. Alleged continuing conduct while defending against infringement claims is merely consistent with a "subjective[] belie[f that] the plaintiff's patent infringement action has no merit.'" *Ravgen*, 2022 WL 2047613, at \*3 (alteration in original) (dismissing post-suit willfulness claim); *see also Gustafson*, 897 F.2d at 511 (there is no rule "that to avoid willfulness one must cease manufacture of a product immediately upon learning of a patent, or upon receipt of a patentee's charge of infringement, or upon the filing of suit"). That is hardly the type of conduct that is "consciously wrongful, flagrant, or . . . characteristic of a pirate." *Halo*, 579 U.S. at 103-04. Otherwise, nearly every infringement action would give rise to a claim of willful infringement. *See M&C Innovations, LLC v. Igloo Prod. Corp.*, No. 4:17-cv-2372, 2018 WL 4620713, at \*5 (S.D. Tex. July 31, 2018) ("Assuming for the sake of argument that the complaint put Igloo on notice of the existing patents, and Igloo continued manufacturing its infringing products, this would simply be the kind of 'garden-variety' patent case that *Halo* affirms is ill-suited for a finding of willfulness.").

This Court has previously dismissed claims for enhanced damages based on willfulness where the complaint alleged nothing more than such a garden-variety patent case. For example, in *Meetrix IP, LLC v. Cisco Systems, Inc.*, No. 1-18-cv-309-LY, 2018 WL 8261315, at \*3-4 (W.D. Tex. Nov. 30, 2018), the court dismissed a willful infringement claim where "the complaint d[id] not allege any facts raising a plausible inference of the egregious behavior required under *Halo*." *See also* Order Granting Motion to Dismiss , *Flash-Control, LLC v. Intel*

-15-

*Corp., C.A.*, No. 19-cv-1107 (W.D. Tex. Oct. 31, 2019) (Albright, J.), ECF No. 35 (dismissing without prejudice an allegation of post-suit willful infringement); *VLSI Tech., LLC v. Intel Corp.*, No. 6:19-cv-254-ADA, 2019 WL 11025759, at *1 (W.D. Tex. Aug. 6, 2019) (Albright, J.) (same). Setting aside Atlas's insufficient allegations of pre-suit knowledge, *see* § IV.A, *supra*, Atlas's allegations of post-suit willfulness amount to unsupported legal conclusions and a threadbare recital of elements that the court held were insufficient in *Meetrix*. *See* Compl. ¶ 132. Even accepting Atlas's allegations regarding the '310, '172, and '526 patents as true, they would state nothing more than a garden-variety patent case.

Accordingly, the Court should dismiss Atlas's claims for willful infringement of the '310, '172, and '526 patents for failure to state a claim.

## V.    CONCLUSION

Dell respectfully requests that the Court dismiss Atlas's claims for indirect and willful infringement of the '310, '172, and '526 patents.

Defendants' Partial Motion to Dismiss Second Amended Complaint Under Rule 12(b)(6)

DATED: August 25, 2023      Respectfully submitted,

By:  */s/ Brian C. Nash*
      BRIAN C. NASH
      Texas Bar No. 24051103
      MORRISON & FOERSTER LLP
      300 Colorado Street, Suite 1800
      Austin, TX 78701
      Telephone: (512) 617-0654
      bnash@mofo.com

      GREGORY P. STONE (admitted *pro hac*)
      HEATHER E. TAKAHASHI
      ZACHARY M. BRIERS
      VINCENT Y. LING (admitted *pro hac*)
      MUNGER, TOLLES & OLSON LLP
      350 South Grand Avenue
      Fiftieth Floor
      Los Angeles, California 90071-3426
      Telephone: (213) 683-9100
      Facsimile: (213) 687-3702
      gregory.stone@mto.com
      heather.takahashi@mto.com
      zachary.briers@mto.com
      vincent.ling@mto.com

      *Attorneys for Dell Technologies Inc. and Dell Inc.*

Defendants' Partial Motion to Dismiss Second Amended Complaint Under Rule 12(b)(6)

## CERTIFICATE OF COMPLIANCE

Pursuant to the Court's Standing Order Governing Proceedings (OGP) 4.1—Patent Cases, Defendants Dell Technologies Inc. and Dell Inc. hereby certify that the parties conducted a meet and confer on August 22, 2023 to discuss dismissing the allegations of indirect and willful infringement without prejudice, with leave to re-plead those allegations with specificity if supported by a good faith basis under Rule 11 within three months after fact discovery opens. Following the meet and confer, Plaintiff advised Defendants that Plaintiff does not agree to withdraw the allegations of indirect or willful infringement.

*/s/ Brian C. Nash*
Brian C. Nash

Defendants' Partial Motion to Dismiss Second Amended Complaint Under Rule 12(b)(6)

## CERTIFICATE OF SERVICE

I hereby certify that on August 25, 2023, a true and correct copy of the foregoing document was served electronically, via ECF, on all counsel of record who are deemed to have consented to such service under the Court's local rules.

    */s/ Brian C. Nash*
    Brian C. Nash

Defendants' Partial Motion to Dismiss Second Amended Complaint Under Rule 12(b)(6)