

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| **ATLAS GLOBAL TECHNOLOGIES LLC** | § § § § | Civil Action No. 6:23-cv-350-ADA |
| **Plaintiff,** | § § | **Jury Trial Requested** |
| v. | § § § | |
| **DELL TECHNOLOGIES INC. and DELL INC.,** | § § § § | |
| **Defendants.** | | |

## PLAINTIFF'S RESPONSE TO DELL'S MOTION TO DISMISS THE SECOND AMENDED COMPLAINT

**TABLE OF CONTENTS**

I.    INTRODUCTION ..................................................................................................1

II.   LEGAL STANDARDS .........................................................................................1

III.  ARGUMENT ........................................................................................................3

    A.    The SAC plausibly alleges pre-suit induced infringement......................................3

        1.    Atlas's June 21, 2021 letters.................................................................3

        2.    Atlas's August 3, 2021 presentation to Dell .........................................5

    B.    The SAC plausibly alleges post-suit induced infringement ....................................6

    C.    The SAC plausibly alleges pre-suit willful infringement........................................8

    D.    The SAC plausibly alleges post-suit willful infringement ......................................9

IV.   CONCLUSION ....................................................................................................11

## TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)............................................................................................................2

*Atlas Global Techs. LLC v. TP-Link Techs. Co.*,
  2023 U.S. Dist. LEXIS 148320 (E.D. Tex. Aug. 4, 2023).........................................................3, 5

*Atlas Global Techs., LLC v. OnePlus Tech.*,
  2023 U.S. Dist. LEXIS 40405 (W.D. Tex. Mar. 10, 2023)................................................5, 6, 9, 10

*Atlas Global Techs., LLC v. Sercomm Corp.*,
  2022 U.S. Dist. LEXIS 197312 (W.D. Tex. Oct. 31, 2022)...............................................5, 6, 9, 10

*Bell Atlantic Corp. v. Twombly*,
  550 U.S. 544 (2007)............................................................................................................2

*Billjco, LLC v. Apple Inc.*,
  583 F. Supp. 3d 769 (W.D. Tex. 2022)................................................................................11

*Collins v. Morgan Stanley Dean Witter*,
  224 F.3d 496 (5th Cir. 2000) ...............................................................................................2

*Eko Brands, LLC v. Adrian Rivera Maynez Enters.*,
  946 F.3d 1367 (Fed. Cir. 2020) ...........................................................................................9

*Erickson v. Pardus*,
  551 U.S. 89 (2007)..............................................................................................................2

*Global-Tech Appliances, Inc. v. SEB S.A.*,
  563 U.S. 754 (2011).............................................................................................................2

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
  579 U.S. 93 (2016)..............................................................................................................9

*In re Bill of Lading*,
  681 F.3d 1323 (2012)..........................................................................................................3

*Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*,
  677 F.2d 1045 (5th Cir. 1982) .............................................................................................2

*Kirsch Research & Dev., LLC v. Tarco Specialty Prods.*,
  2021 U.S. Dist. LEXIS 191685 (W.D. Tex. Oct. 4, 2021)............................................................5

*Lifetime Indus., Inc. v. Trim-Lok, Inc.*,
  869 F.3d 1372 (Fed. Cir. 2017) ...........................................................................................3

*Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*,
  594 F.3d 383 (5th Cir. 2010) ...............................................................................................2

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
   2018 U.S. Dist. LEXIS 225719 (W.D. Tex. Nov. 30, 2018).......................................................11

*Nalco Co. v. Chem-Mod, LLC*,
   883 F.3d 1337, 1346 (Fed. Cir. 2018) ........................................................................2

*Parity Networks, LLC v. Cisco Sys., Inc.*,
   2019 U.S. Dist. LEXIS 144094 (W.D. Tex. July 26, 2019) .....................................3, 9

*Proxyconn Inc. v. Microsoft Corp.*,
   2012 U.S. Dist. LEXIS 70614 (C.D. Cal. May 16, 2012) ............................................8

*Scramoge Tech. Ltd. v. Anker Innovations Ltd.*,
   2022 U.S. Dist. LEXIS 96689 (C.D. Cal. Feb. 25, 2022) ............................................8

*Script Sec. Solutions LLC v. Amazon.com, Inc.*,
   170 F.Supp.3d 928 (E.D. Tex. 2016) ...........................................................................8

*Skinner v. Switzer*,
   562 U.S. 521, 530 (2011) .............................................................................................2

*SRI Int'l, Inc. v. Cisco Sys.*,
   14 F.4th 1323 (Fed. Cir. 2021) ....................................................................................9

*VLSI Tech., LLC v. Intel Corp.*,
   2019 U.S. Dist. LEXIS 155285 (W.D. Tex. Aug. 6, 2019) ........................................11

Plaintiff Atlas Global Technologies LLC ("Atlas") respectfully asks the Court to deny Defendants Dell Technologies Inc. and Dell Inc.'s (collectively "Dell") partial motion to dismiss Atlas's Second Amended Complaint (Dkt. 48, "SAC"). Dkt. 49 ("Motion" or "Mot.").

## I.    INTRODUCTION

Dell's Motion is directed to just three of the eight asserted patents—U.S. Patent Nos. 9,628,310 (the "'310 Patent"), 10,327,172 (the "'172 Patent"), and 10,542,526 (the "'526 Patent"). For the remaining five patents, Dell concedes that Atlas's SAC is sufficient.

The Motion seeks to dismiss four specific pleadings: (1) pre-suit induced infringement; (2) pre-suit willful infringement; (3) post-suit induced infringement; and (4) post-suit willful infringement. The Court should deny the Motion on all grounds. *First*, Dell's arguments regarding pre-suit induced infringement ignore the lengthy pre-suit correspondence between Atlas and Dell in which Atlas described its 802.11ax patent portfolio to Dell. *See* Dkt. 48 at ¶¶23-28, 126-132; Ex. 1 (Atlas Presentation to Dell). *Second*, Dell's position regarding pre-suit willful infringement improperly conflates the requirements for pleading willful infringement with the requirements for awarding enhanced damages. *Third*, when seeking to dismiss post-suit induced infringement, Dell relies on a handful of district court cases that are the minority view on post-suit inducement pleading requirements and are contrary to the majority view adopted by this Court. *Fourth*, regarding post-suit willful infringement, Dell relies on a district court case expressing a minority view that has not been followed in subsequent cases. And once again, Dell blurs the requirements for pleading willful infringement with the requirements for awarding enhanced damages. The Motion should be denied.

## II.    LEGAL STANDARDS

"Federal Rule of Civil Procedure 8(a)(2) 'generally requires only a plausible "short and plain" statement of the plaintiff's claim,' showing that the plaintiff is entitled to relief." *Nalco Co. v. Chem-*

*Mod, LLC*, 883 F.3d 1337, 1346 (Fed. Cir. 2018) (quoting *Skinner v. Switzer*, 562 U.S. 521, 530 (2011)).

"A motion to dismiss under rule 12(b)(6) 'is viewed with disfavor and is rarely granted.'" *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000) (quoting *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982)). "The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Id*. A plaintiff meets its pleading burden when it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). However, "[s]pecific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the ground upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007)) (alteration in original) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

In resolving a motion to dismiss for failure to state a claim, the question is "not whether [the plaintiff] will ultimately prevail, . . . but whether [the] complaint was sufficient to cross the federal court's threshold." *Skinner*, 562 U.S. at 529-530. "The court's task is to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success." *Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC*, 594 F.3d 383, 387 (5th Cir. 2010) (citing *Iqbal*, 556 U.S. at 678).

To allege indirect patent infringement, a plaintiff must plausibly allege that the accused infringer had actual knowledge of the patents-in-suit or was willfully blind to the existence of the patents-in-suit. *Global-Tech Appliances, Inc. v. SEB S.A.*, 563 U.S. 754, 766, 769 (2011). Further, a plaintiff must plausibly allege that the accused infringer had "knowledge that the induced acts constitute patent infringement." *Id*. at 766. Finally, the "complaint must plead facts plausibly showing

that the accused infringer 'specifically intended [another party] to infringe [the patent] and knew that the [other party]'s acts constituted infringement.'" *Lifetime*, 869 F.3d at 1379 (quoting *In re Bill of Lading*, 681 F.3d at 1339).

Similarly, to allege willful patent infringement, a plaintiff must plausibly allege the "subjective willfulness of a patent infringer, intentional or knowing." *Halo Electronics, Inc. v. Pulse Electronics, Inc.*, 136 S. Ct. 1923, 1933 (2016). This requires a plaintiff to allege facts plausibly showing that the accused infringer: "(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Parity Networks, LLC v. Cisco Sys., Inc.*, 2019 U.S. Dist. LEXIS 144094, at *7 (W.D. Tex. July 26, 2019).

## III.   ARGUMENT

### A.  The SAC plausibly alleges pre-suit induced infringement

#### 1.   Atlas's June 21, 2021 letters

The SAC plausibly alleges that Dell induced infringement at least after June 21, 2021, the date Atlas sent notice letters to Dell. *See* Dkt. 48, Exs. I-K. The letters introduced Dell to Atlas's patent portfolio, explained that the patents are essential to the 802.11ax standard, and invited Dell to begin licensing discussions with Atlas. *See id.* A court in a related action recently denied summary judgment of no pre-suit induced infringement—requiring a much greater showing from Atlas—based on a nearly identical notice letter. *See Atlas Global Techs. LLC v. TP-Link Techs. Co.*, 2023 U.S. Dist. LEXIS 148320, at *11-12 (E.D. Tex. Aug. 4, 2023) ("*TP-Link*"). In particular, the *TP-Link* court noted that "a party need not show that it identified specific patent numbers or make specific accusations of infringement in pre-suit materials to establish a claim of pre-suit indirect infringement, ***particularly***

3

***when there is evidence that the Asserted Patents necessarily cover products that comply with the***

***standard***." *Id*. (emphasis added). Atlas described these letters in paragraph 128 of the SAC:

> 128. Dell also knew of the Asserted Patents at least by June 21, 2021, when Atlas specifically notified Dell of them. More specifically, on that date, Atlas sent Dell letters via its General Counsel, Richard Rothberg, Vice President of IP and IP Litigation, Anthony Peterman, and Chief Operating Officer, Jeff Clarke, presenting Dell "with an opportunity for Dell Technologies to license Standard Essential Patents (SEP) in Wi-Fi 6—the latest generation of Wi-Fi technology." Exs. I-K. Further, Atlas informed Dell that the Asserted Patents "cover[] key improvements in Wi-Fi technology developed by Newracom's internal R&D team and adopted in the 802.11ax Wi-Fi standard." *Id*. In those initial June 21, 2021 letters, Atlas specifically invited Dell to license the Asserted Patents. *Id*. Yet despite all the above, Dell refused to take a license for the Asserted Patents. Once it became clear that Dell would not voluntarily take a license to the Asserted Patents, Atlas was forced to resort to litigation.

Dkt. 48 at ¶128.

Much like the *TP-Link* letter, the first sentence of Atlas's June 21, 2021 letters to Dell explained

that the patents are standards-essential.

> Dear Mr. Rothberg:
>
> I would like to present you with an opportunity for Dell Technologies to license Standard Essential Patents (SEP) in Wi-Fi 6 — the latest generation of Wi-Fi technology. Our company, Atlas Global Technologies LLC (a wholly-owned subsidiary of Acacia Research Group LLC), acquired Newracom's substantial Wi-Fi 6 (802.11ax) SEP portfolio and has launched a campaign to license early adopters at highly discounted rates. We would welcome the opportunity to discuss licensing your company to this highly valuable SEP portfolio.

Ex. I. This is sufficient to plead pre-suit induced infringement. *See TP-Link*, 2023 U.S. Dist. LEXIS 148320, at *12 ("A jury could reasonably find that Defendants had actual knowledge of the Asserted Patents and the infringement, or were willfully blind of the patents and their infringement in that Defendants' subjectively believed Atlas Global owned an SEP portfolio on the 802.11ax standard and took actions to avoid learning of the patents contained within that portfolio or their infringement.").

Dell cites *Atlas Global Techs., LLC v. Sercomm Corp.*, 2022 U.S. Dist. LEXIS 197312, at *14 (W.D. Tex. Oct. 31, 2022) ("*Sercomm*") for the proposition that general knowledge of a patent portfolio is insufficient to allege knowledge of a particular patent.[1] Motion at 6. The quoted passage from *Sercomm* cites *Kirsch Research & Dev., LLC v. Tarco Specialty Prods.*, 2021 U.S. Dist. LEXIS 191685 (W.D. Tex. Oct. 4, 2021). But *Kirsch* is inapposite. The allegations in the *Kirsch* complaint were extremely general—just that "a representative for [the plaintiff] had at least one discussion with Defendant's owner ad [sic] stated that [the plaintiff's] products were patented." Unlike *Kirsch*, Atlas's June 21, 2021 letters specifically stated that the portfolio comprised "Standard Essential Patents (SEP) to Wi-Fi 6." Exs. I-K. As noted in *TP-Link*, a party need not identify specific patents—particularly when there is evidence the patents cover standard-essential products. *See TP-Link*, 2023 U.S. Dist. LEXIS 148320, at *11-12.

### 2. Atlas's August 3, 2021 presentation to Dell

At a minimum, Atlas sufficiently pled induced infringement as of August 3, 2021, the date Atlas's president presented Atlas's portfolio to Dell's in-house legal counsel. *See* Ex. L. As set forth in the SAC, at that meeting Atlas told Dell its portfolio included 176 U.S. Patents that were essential to the 802.11ax standard. Dkt. 48 at ¶129. Atlas also explained the subject matter of the portfolio, including trigger frames, simultaneous multi-user acknowledgement, spatial reuse, and multi-user synchronization. *Id*. Atlas cited this meeting in paragraph 129 of the SAC:

> 129. Dell also knew of the Asserted Patents and its infringement by at least August 3, 2021, when Mr. Craig Yudell presented Atlas's Wi-Fi 6 portfolio to Dell representatives including Anne-Marie Dinius, Eman Sojoodi, and Anthony Peterman. At that meeting, Atlas offered Dell a "license to one of the premier Wi-Fi 6 (802.11ax) portfolios originating from NEWRACOM," who was "one of the most significant contributors to the 802.11ax standard" and had "one of the largest 802.11ax SEP

---

[1] The Court reached a similar conclusion in *Atlas Global Techs., LLC v. OnePlus Tech.*, 2023 U.S. Dist. LEXIS 40405, at *19 (W.D. Tex. Mar. 10, 2023) ("*OnePlus*").

[Standards Essential Portfolios]." Atlas told Dell that the portfolio included "176 Issued U.S. Patents." Atlas also explained that the Newracom Wi-Fi 6 portfolio covered important new Wi-Fi 6 functionality, including trigger frames, simultaneous multi-user acknowledgment, spatial reuse, and multi-user synchronization. Atlas further explained that the Newracom Wi-Fi 6 patents covered, for example, Dell's Desktops and Laptops that implemented Wi-Fi capabilities.

Dkt. 48 at ¶129; *see id*. at ¶25; Ex. 1 (Atlas Presentation to Dell). This language is sufficient to overcome Dell's Motion. Notably, Dell does not cite any authority from this district holding this type of notice is insufficient to plead pre-suit induced infringement. *See* Motion at 7-8.

## B. The SAC plausibly alleges post-suit induced infringement

Even if the Court dismisses Atlas's allegations of pre-suit induced infringement of the '310, '172, and '526 Patents, it should deny Dell's request to dismiss post-suit inducement. This Court has found similar complaints sufficient to plead post-suit induced infringement. As the Court noted in *Sercomm*, "[s]erving a complaint will, in most circumstances, notify the defendant of the asserted patent and the accused conduct." *Sercomm*, 2022 U.S. Dist. LEXIS 197312, at *18; *OnePlus*, 2023 U.S. Dist. LEXIS 40405, at *24-25. *Sercomm* held that the plaintiff properly pleaded induced infringement when it alleged the defendant had "knowledge of the Asserted Patents and of the alleged infringement at least at the commencement of this action" and that the defendant "intended for others to infringe by making, using, offering to sell, selling, or importing into the United States the infringing products with the knowledge that such activities infringed." *Sercomm*, 2022 U.S. Dist. LEXIS 197312, at *18; *see OnePlus*, 2023 U.S. Dist. LEXIS 40405, at *24-25.

The SAC more than meets the *Sercomm*/*OnePlus* threshold for pleading. The SAC alleges that Dell indirectly infringes every asserted patent by encouraging customers and end-users to use the products in an infringing manner:

> 3. Dell indirectly infringes the method claims of the Asserted Patents by inducing third parties—including Dell's customers and end-users of Dell's products—to use the Accused Products in the United States in a manner that directly infringes the

6

Asserted Patents, per the directions and instructions provided by Dell to is customers and end users. Dell also indirectly infringes the apparatus claims of the Asserted Patents by inducing others to make, use, sell, offer to sell, and/or import the Accused Products in the United States in an infringing manner, as directed and instructed by Dell.

29. On information and belief, Dell makes, uses, sells, and/or offers to sell in the United States, and/or imports into the United States various devices with Wi-Fi 6 capabilities. For example, Dell makes, uses, and sells Access Points ("APs") and Stations ("STAs") that support Wi-Fi 6. Dell's devices with Wi-Fi 6 capability include software and hardware on the devices that implement the inventions claimed in the Asserted Patents; the portions of the Wi-Fi 6 standard covered by the Asserted Patents are mandatory, and practicing those portions of the Wi-Fi 6 standard will necessarily infringe the claims of the Asserted Patents.

Dkt. 48 at ¶¶3, 29. Then, for each patent, the SAC contains detailed allegations of ongoing induced

infringement:

46. In addition to directly infringing the '310 apparatus claims by making, selling and using infringing products in the United States, Dell also indirectly infringes the '310 Patent claims. Where acts constituting direct infringement of the '310 Patent may not be performed by Dell, such acts constituting direct infringement of the '310 Patent are performed by Dell's customers or end users who act according to Dell's instructions and as Dell intends, with Dell's knowledge.

47. Atlas is informed and believes, and on that basis alleges, that Dell indirectly infringes at least claims 1 and 15 of the '310 Patent by active inducement in violation of 35 U.S.C. § 271(b), by at least manufacturing, supplying, distributing, selling, and/or offering for sale the Accused Products to their customers and end users of Dell's Accused Products with the knowledge and intent that their further making, using, selling, offering to sell, or importing those products would constitute direct infringement of the '310 Patent.

48. For example, Dell advertises to its customers that it sells products that comply with the 802.11ax Standard. *See, e.g.*, https://www.dell.com/en-us/shop/dell laptops/sr/laptops/inspironlaptops/wi-fi-6?appliedRefinements=37766 (listing Wi-Fi 6 laptops). Dell also instructs its customers on how to connect the Accused Products to Wi-Fi networks so that they may practice the 802.11ax Standard. Once the Accused Products are installed, they will automatically implement the 802.11ax Standard in an infringing manner based upon the hardware and software provided in the Accused Products. Dell also provides technical support to its customers and end users and encourages them to make, use, sell, offer to sell, and/or import the Accused Products in an infringing manner. Thus, with full knowledge of the '310 Patent as described in paragraphs 23-26 above, Dell induced its customers and end users to directly infringe the '310 Patent by making, using, selling, offering to sell, and/or importing the Accused Products.

7

Dkt. 48 at ¶¶46-48 ('310 Patent); *see id*. at ¶¶113-115 ('172 Patent); *id*. at ¶¶122-124 ('526 Patent).

Dell cites *Proxyconn Inc. v. Microsoft Corp.*, 2012 U.S. Dist. LEXIS 70614 (C.D. Cal. May 16, 2012) for the proposition that allegations of post-suit induced infringement based on the complaint itself are insufficient. *See* Motion at 13. *Proxyconn* is distinguishable because the ***only*** allegations of knowledge came from the complaint itself. *See id*. at *18. Here, Atlas has alleged ***many*** sources of knowledge. Further, *Proxyconn* acknowledges there is a split of authority among district courts regarding whether allegations from the complaint can support post-suit induced infringement. *Id*. at *12. Other courts have called *Proxyconn* the minority view. *See Script Sec. Solutions LLC v. Amazon.com, Inc.*, 170 F.Supp.3d 928, 937 (E.D. Tex. 2016) (Bryson, J.). Even other courts in the Central District of California have reached the opposite conclusion as *Proxyconn*. *See Scramoge Tech. Ltd. v. Anker Innovations Ltd.*, 2022 U.S. Dist. LEXIS 96689, at *9-10 (C.D. Cal. Feb. 25, 2022).

## C.  The SAC plausibly alleges pre-suit willful infringement

Atlas sufficiently pled pre-suit willfulness in the SAC. As explained above, the SAC sets forth a series of communications between Atlas and Dell, including the June 21, 2021 notice letters (Dkt. 48 at ¶128), the August 3, 2021 meeting between Atlas and Dell (*id*. at ¶129), and ongoing communications between Atlas and Dell through December 9, 2021 (*id*. at ¶130). The SAC describes the August 3, 2021 meeting in detail:

> 129. Dell also knew of the Asserted Patents and its infringement by at least August 3, 2021, when Mr. Craig Yudell presented Atlas's Wi-Fi 6 portfolio to Dell representatives including Anne-Marie Dinius, Eman Sojoodi, and Anthony Peterman. At that meeting, Atlas offered Dell a "license to one of the premier Wi-Fi 6 (802.11ax) portfolios originating from NEWRACOM," who was "one of the most significant contributors to the 802.11ax standard" and had "one of the largest 802.11ax SEP [Standards Essential Portfolios]." Atlas told Dell that the portfolio included "176 Issued U.S. Patents." Atlas also explained that the Newracom Wi-Fi 6 portfolio covered important new Wi-Fi 6 functionality, including trigger frames, simultaneous multi-user acknowledgment, spatial reuse, and multi-user synchronization. Atlas further explained that the Newracom Wi-Fi 6 patents covered, for example, Dell's Desktops and Laptops that implemented Wi-Fi capabilities.

8

Dkt. 48 at ¶129; Ex. 1 (Atlas Presentation to Dell). This is sufficient to plead pre-suit willful infringement. *See Parity Networks, LLC v. Cisco Sys.*, 2019 U.S. Dist. LEXIS 144094, at *8 (W.D. Tex. Jul. 26, 2019).

Candidly, this Court dismissed similar allegations of pre-suit willfulness in *OnePlus* and *Sercomm*. However, the SAC alleges greater back-and-forth pre-suit communication between the parties than in either *OnePlus* or *Sercomm. See OnePlus*, 2023 U.S. Dist. LEXIS 40405, at *17; *Sercomm*, 2022 U.S. Dist. LEXIS 197312, at *14.

The Motion also seeks to equate pleading willful infringement with entitlement to enhanced damages, even though those are two distinct concepts. Throughout the Motion, Dell cites *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 579 U.S. 93 (2016), as well as other cases that cite *Halo*, for the proposition that willful infringement requires "conduct that is consciously wrongful, flagrant, or … characteristic of a pirate." *See, e.g.*, Motion at 15. *Halo* addresses the standard for awarding enhanced damages, not the standard for pleading willful infringement. *See SRI Int'l, Inc. v. Cisco Sys.*, 14 F.4th 1323, 1330 (Fed. Cir. 2021). Willfulness "requires a jury to find no more than deliberate or intentional infringement." *Eko Brands, LLC v. Adrian Rivera Maynez Enters.*, 946 F.3d 1367, 1378 (Fed. Cir. 2020). Enhanced damages are then addressed by the court after a finding of willfulness. *Id*.

### D. The SAC plausibly alleges post-suit willful infringement

At a minimum, if the Court dismisses Atlas's allegations of pre-suit willful infringement of the '310, '172, and '526 Patents, it should deny Dell's request to dismiss post-suit willfulness. This Court has found similar complaints sufficient to plead post-suit willful infringement. As the Court noted in *Sercomm*, "[s]erving a complaint will, in most circumstances, notify the defendant of the asserted patent and the accused conduct." *Sercomm*, 2022 U.S. Dist. LEXIS 197312, at *18; *OnePlus*, 2023 U.S. Dist. LEXIS 40405, at *24-25. *Sercomm* held that the plaintiff properly pled willful

infringement when "the complaint also adequately alleges that the defendant is continuing tis

purportedly infringing conduct." *Sercomm*, 2022 U.S. Dist. LEXIS 197312, at *18; *see OnePlus*,

2023 U.S. Dist. LEXIS 40405, at *24-25.

The SAC more than meets the *Sercomm*/*OnePlus* threshold for pleading. The SAC alleges

that Dell knows of its infringement and continues to infringe:

> 126. Prior to the filing of this complaint, and certainly by the date of this Complaint, Dell knew or should have known that it infringed the Asserted Patents.
>
> 127. As a company in the wireless electronics space, and more particularly a manufacturer of Wi-Fi 6 products, Dell is familiar with the Wi-Fi 6 Standard and the process by which it was adopted by the IEEE. For example, Dell knows that companies contribute technical submissions to the IEEE for inclusion in the Wi-Fi 6 Standard, and if IEEE members deem those contributions meritorious, they are incorporated into the Wi-Fi 6 Standard. Dell also knows that the companies are permitted to obtain patents on their contributions to the Wi-Fi 6 Standard. Dell further knows that Newracom was a major contributor to the Wi-Fi 6 Standard and one of the leaders in both number of technical submissions and number of adopted submissions to the Wi-Fi 6 Standard. Dell also knows that Newracom obtained nearly two hundred patents covering its contributions to the Wi-Fi 6 Standard, including the Asserted Patents.
>
> 131. Dell has therefore proceeded to infringe the Asserted Patents with full and complete knowledge of their applicability to Dell's Accused Wi-Fi 6 Products without taking a license and without a good faith belief that the patents-in-suit are invalid and not infringed. At minimum, Dell willfully blinded themselves to their infringement of the Asserted Patents; Dell believed with high probability that its Wi-Fi 6 products infringed but took deliberate action to avoid learning further details of its infringement.
>
> 132. Dell's infringement of the Asserted Patents thus occurs with knowledge of infringement, objective recklessness, and/or willful blindness, and has been and continues to be willful and deliberate. Thus, Dell's infringement of the patents-in-suit is willful and deliberate, entitling Atlas to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

Dkt. 48 at ¶¶126, 127, 131, 132. This is sufficient to allege post-suit willful infringement.

As explained above, the Motion conflates the standard for pleading willful infringement with

the standard for enhanced damages. *See* Motion at 15. In support of its post-suit willfulness argument,

Dell cites *Meetrix IP, LLC v. Cisco Sys., Inc.*, 2018 U.S. Dist. LEXIS 225719 (W.D. Tex. Nov. 30, 2018). *Meetrix* is easily distinguishable because the *Meetrix* complaint did not include any "factual allegations of pre-suit communication and license negotiations between the parties, which—when accepted as true—permitted a plausible inference of subjective willfulness." *Id.* at *9. Unlike *Meetrix*, the SAC contains allegations of lengthy discussions between Atlas and Dell. *See* Dkt. 48 at ¶¶127-130. Further, courts have declined to follow *Meetrix* and "impose an egregiousness pleading requirement." *See Billjco, LLC v. Apple Inc.*, 583 F. Supp. 3d 769, 779 (W.D. Tex. 2022). Dell also cites *VLSI Tech., LLC v. Intel Corp.*, 2019 U.S. Dist. LEXIS 155285 (W.D. Tex. Aug. 6, 2019). *VLSI* was not limited to ***post-suit*** willfulness and does not govern here. *See id.* at *2-3.

## IV.    CONCLUSION

Atlas properly pled induced and willful infringement. For the reasons set forth above, the Motion should be denied.

11

Dated: September 8, 2023

Respectfully submitted,

*/s/ Blaine Larson*
Max L. Tribble, Jr.
Texas State Bar No. 20213950
Joseph S. Grinstein
Texas State Bar No. 24002188
Alejandra C. Salinas
Texas State Bar No. 24102452
**SUSMAN GODFREY, LLP**
1000 Louisiana Street, Suite 5100
Houston, Texas 77002
Telephone: (713) 651-9366
Facsimile: (713) 654-6666
mtribble@susmangodfrey.com
jgrinstein@susmangodfrey.com
asalinas@susmangodfrey.com

Kalpana Srinivasan
California State Bar No. 237460
Oleg Elkhunovich
California State Bar No. 269238
**SUSMAN GODFREY, LLP**
1900 Avenue of the Stars, 14th Floor
Los Angeles, CA 90067
Telephone: (310) 789-3100
Facsimile: (310) 789-3150
ksrinivasan@susmangodfrey.com
oelkhunovich@susmangodfrey.com

Alexander Aiken
Washington No. 55988
**SUSMAN GODFREY, LLP**
401 Union Street, Suite 3000
Seattle, WA 98101
Telephone: (206) 513-3880
Facsimile: (206) 516-3883
aaiken@susmangodfrey.com

Robert Greenfeld
New York No. 2824811
**SUSMAN GODFREY, LLP**
1301 Avenue of the Americas, 32nd Floor
New York, NY 10019
Telephone: (212) 336-8330
Facsimile: (212) 336-8340
rgreenfeld@susmangodfrey.com

12

Michael F. Heim
Texas State Bar No. 09380923
Eric J. Enger
Texas State Bar No. 24045833
Blaine A. Larson
Texas State Bar No. 24083360
Alden G. Harris
Texas State Bar No. 24083138
William B. Collier, Jr.
Texas State Bar No. 24097519
**HEIM, PAYNE & CHORUSH, LLP**
609 Main Street, Suite 3200
Houston, Texas 77002
Telephone: (713) 221-2000
Facsimile: (713) 221-2021
mheim@hpcllp.com
eenger@hpcllp.com
blarson@hpcllp.com
aharris@hpcllp.com
wcollier@hpcllp.com

T. John Ward, Jr.
TX State Bar No. 00794818
Email: jw@wsfirm.com
Andrea L. Fair
TX State Bar No. 24078488
Email: andrea@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, Texas 75604
Telephone: 903-757-6400
Facsimile: 903-7572323

S. Calvin Capshaw
Texas State Bar No. 03783900
Elizabeth L. DeRieux
Texas State Bar No. 05770585
**CAPSHAW DeRIEUX, LLP**
114 E. Commerce Ave.
Gladewater, TX 75647
Telephone: (903) 845-5770
Email: ccapshaw@capshawlaw.com
Email: ederieux@capshawlaw.com

***Attorneys for Plaintiff***
***Atlas Global Technologies***

13

## CERTIFICATE OF SERVICE

The undersigned certifies that on September 8, 2023, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via CM/ECF.

*/s/ Blaine Larson*
Blaine Larson