**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| ATLAS GLOBAL TECHNOLOGIES LLC, | |
| *Plaintiff*, | |
| v. | Case No. 6:23-cv-00350-ADA |
| DELL TECHNOLOGIES INC. AND DELL INC., | JURY TRIAL DEMANDED |
| *Defendants*. | |

**DEFENDANTS DELL TECHNOLOGIES INC. AND DELL INC.'S
REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS PLAINTIFF'S SECOND
AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM**

## TABLE OF CONTENTS

**Page**

I.      Atlas Concedes That, in Order for It to State Claims for Pre-Suit Inducement and Willfulness, It Must Plausibly Allege *Actual* Knowledge of Infringement Based on Its June 2021 Correspondence and August 2021 Presentation. ........................................2

II.     Atlas's June 21, 2021 Letters Are Materially Identical to Those This Court Found Insufficient in *Sercomm* and *OnePlus*.......................................................................2

III.    Atlas's August 3, 2021 Presentation Did Not Identify the '310, '172, and '526 Patents or Make Any Connection to Those Patents.............................................................4

IV.     Atlas's Post-Suit Inducement Claims Are Based on No More Than Alleged Post-Suit Infringement, Which Is Insufficient to Allege Intent. ...................................................6

V.      Atlas's Allegations of Post-Suit Willfulness Would Transform Every Garden-Variety Patent Infringement Suit Into a Willfulness Case, Contrary to *Halo*. ...................7

VI.     Conclusion .......................................................................................................9

Defendants' Reply ISO Partial Motion to Dismiss SAC Under Rule 12(b)(6)

## TABLE OF AUTHORITIES

**Page(s)**

FEDERAL CASES

*Atlas Global Techs. LLC v. TP-Link Techs. Co.*,
    No. 2:21-CV-00430-JRG-RSP, 2023 WL 5346030 (E.D. Tex. Aug. 4, 2023) .........................3

*Atlas Global Techs., LLC v. OnePlus Tech. Co.*,
    -- F. Supp. 3d --, 2023 WL 2467887 (W.D. Tex. Mar. 10, 2023) ............................... 1, passim

*Atlas Global Techs., LLC v. Sercomm Corp.*,
    638 F. Supp. 3d 721 (W.D. Tex. Oct. 31, 2022) ........................................................... 1, passim

*Calogero v. Shows, Cali & Walsh, LLP*,
    970 F.3d 576 (5th Cir. 2020) ..................................................................................................4

*Dell Mktg., L.P. v. Incompass It, Inc.*,
    771 F. Supp. 2d 648 (W.D. Tex. Feb. 9, 2011) ......................................................................8

*Halo Elecs., Inc. v. Pulse Elecs. Inc.*,
    579 U.S. 93 (2016) ..........................................................................................................1, 7, 8

*Kirsch Research & Dev., LLC v. Tarco Specialty Prods., Inc.*,
    6:20-cv-00318-ADA, 2021 WL 4555802 (W.D. Tex. Oct. 4, 2021) ........................................3

*Kyocera Wireless Corp. v. Int'l Trade Comm'n*,
    545 F.3d 1340 (Fed. Cir. 2008) ..............................................................................................6

*Meetrix IP, LLC v. Cisco Sys., Inc.*,
    No. 1-18-cv-309-LY, 2018 WL 8261315 (W.D. Tex. Nov. 30, 2018) ....................................7

*Mich. Motor Techs. v. Volkswagen*,
    472 F. Supp. 3d 377 (E.D. Mich. July 13, 2020) ....................................................................7

*Millan v. Bexar Cty., Tex.*,
    No. SA21-cv-0659-JKP-HJB, 2022 WL 62541 (W.D. Tex. Jan. 5, 2022) ..............................4

*Mobile Equity Corp. v. Walmart, Inc.*,
    No. 2:21-cv-00126-JRG-RSP, 2022 WL 4587554 (E.D. Tex. Sept. 8, 2022) .........................3

*Proxyconn Inc. v. Microsoft Corp.*,
    No. SACV 11-1681 DOC ANX, 2012 WL 1835680 (C.D. Cal. May 16, 2012) .....................6

*Ravgen, Inc. v. Quest Diagnostics Inc.*,
    No. 21-cv-09011-RGK, 2022 WL 2047613 (C.D. Cal. Jan. 18, 2022) ...............................6, 8

*Slot Speaker Techs., Inc. v. Apple, Inc.*,
    No. 13-cv-01161-HSG, 2017 WL 4354999 (N.D. Cal. Sept. 29, 2017) ..................................6

*Textile Comp. Sys. v. Broadway Nat'l Bank*,
    620 F. Supp. 3d 557 (W.D. Tex. Aug. 5, 2022)......................................................................4, 5

*VLSI Tech., LLC v. Intel Corp.*,
    No. 6:19-cv-254-ADA, 2019 WL 11025759 (W.D. Tex. Aug. 6, 2019) ..................................7

*Warner-Lambert Co. v. Apotex Corp.*,
    316 F.3d 1348 (Fed. Cir. 2003)..............................................................................................5

*Wrinkl, Inc. v. Facebook*,
    No. 20-cv-1345-RGA, 2021 WL 4477022 (D. Del. Sept. 30, 2021)........................................8

Defendants' Reply ISO Partial Motion to Dismiss SAC Under Rule 12(b)(6)

Atlas's claims for pre-suit induced and willful infringement of the '310, '172, and '526 patents should be dismissed for the same reasons that this Court dismissed such claims in Atlas's cases against Sercomm and OnePlus. Atlas concedes that "[c]andidly, this Court dismissed [its] similar allegations of pre-suit willfulness" in those cases based on lack of actual pre-suit knowledge, Resp. at 9, and that concession applies equally to its pre-suit inducement claims, which also require actual knowledge. Here, as in *Sercomm*, Atlas's failure to sufficiently plead actual pre-suit knowledge is fatal to its allegations of both pre-suit inducement and pre-suit willfulness.

Atlas's argument that it engaged in "greater back-and-forth" with Dell than it did with Sercomm and OnePlus, *id.*, is unavailing because it relies only on a generic identification of high-level Wi-Fi features that relate to its entire patent portfolio. Atlas makes no plausible allegation that such information would have led Dell to identify any particular patents, let alone the '310, '172, and '526 patents, out of the hundreds of patents and applications in Atlas's portfolio. Accordingly, the supposed "greater back-and-forth" adds nothing beyond what this Court already held in *Sercomm* and *OnePlus* was insufficient to allege actual pre-suit knowledge.[1]

Atlas's post-suit inducement and willfulness allegations for the '310, '172, and '526 patents also fail to state a claim, as they are premised only on knowledge from the Complaint itself and alleged post-suit infringement. These allegations are insufficient to establish specific intent for post-suit inducement. In addition, permitting the post-suit willfulness claims to go forward here would convert every "garden-variety" patent case into a willfulness case, contrary to the Supreme Court's teaching in *Halo*.

---

[1] In contrast, although Dell disputes inducement or willfulness as to all of the Asserted Patents, Atlas's knowledge allegations for the other five Asserted Patents at least refer to correspondence that allegedly pointed Dell to complaints identifying those specific patents. *See* Mot. at 8.

Defendants' Reply ISO Partial Motion to Dismiss SAC Under Rule 12(b)(6)

I.      **Atlas Concedes That, in Order for It to State Claims for Pre-Suit Inducement and Willfulness, It Must Plausibly Allege *Actual* Knowledge of Infringement Based on Its June 2021 Correspondence and August 2021 Presentation.**

Atlas does not dispute that Newracom's 2015 Letter of Assurance and Atlas's lawsuits against other defendants fail to support pre-suit knowledge of the '310, '172, and '526 patents. *See* Mot. at 5-6, 8-10. Atlas relies only on its alleged June 21, 2021 notification letters and August 3, 2021 presentation, both of which generically referred to its patent *portfolio* and not to specific patents. *See* Resp. at 3-6.

Atlas also does not dispute that it has failed to plausibly allege willful blindness to satisfy the knowledge requirement for inducement. *See* Mot. at 10-12. Therefore, Atlas's pre-suit inducement and willfulness claims hinge on whether its allegations about the June 2021 letters and August 2021 presentation plausibly allege *actual* knowledge. As explained in Dell's motion, *see* Mot. at 6-8, 12, 14 and further below, they do not.

II.     **Atlas's June 21, 2021 Letters Are Materially Identical to Those This Court Found Insufficient in *Sercomm* and *OnePlus*.**

The letters that Atlas relies on in this case are materially *identical* to the letters that this Court held in *Sercomm* and *OnePlus* were insufficient to support actual knowledge of infringement of any particular patent in Atlas's portfolio. *Compare* Comp. Exs. I-K, *with Atlas Global Techs. LLC v. Sercomm Corp.*, No. 6:21-cv-818-ADA, Dkt. 33-8 (Ex. H to Amended Complaint), *and Atlas Global Techs. LLC v. OnePlus Tech. (Shenzhen) Co.*, No. 6:21-cv-1217-ADA, Dkt. 33 ¶ 37 (Amended Complaint). As with the defendants in *Sercomm* and *OnePlus*, Atlas argues that it sufficiently alleged knowledge of particular patents and their infringement by alleging that it notified Dell of a portfolio of hundreds of patents that it asserted were Standard Essential Patents ("SEP") for Wi-Fi 6. *See Atlas Global Techs., LLC v. Sercomm Corp.*, 638 F. Supp. 3d 721, 728 (W.D. Tex. Oct. 31, 2022); *Atlas Global Techs., LLC v. OnePlus Tech. Co.*, -- F. Supp. 3d --, 6:21-CV-1217-ADA, 2023 WL 2467887, at *1 (W.D. Tex. Mar. 10, 2023). As this Court held, Atlas's reliance on these letters "does not plead sufficient facts that show [the defendant] had more than a general knowledge of Atlas's patent portfolio," and therefore "cannot

Defendants' Reply ISO Partial Motion to Dismiss SAC Under Rule 12(b)(6)

plausibly support an allegation of pre-suit knowledge" of particular patents for inducement or willfulness. *Sercomm*, 638 F. Supp. 3d at 728; *OnePlus*, 2023 WL 2467887, at *5-6 (same).[2]

Atlas's attempts to undermine *Sercomm* and *OnePlus* by trying to distinguish this Court's citation (*Kirsch*) and arguing that another court reached a different result (*TP-Link*) fall flat. The Court did not err in *Sercomm* and *OnePlus* by citing to *Kirsch Research & Development, LLC v. Tarco Specialty Products, Inc.*, 6:20-cv-00318-ADA, 2021 WL 4555802 (W.D. Tex. Oct. 4, 2021). The plaintiff's allegations in that case at most allowed an inference "that Defendant knew of the existence of Kirsch's patent portfolio"—analogous to the situation in *Sercomm* and *OnePlus*. *Id.* at *2. The Court in *Kirsch* cited to *SiOnyx, LLC v. Hamamatsu Photonics K.K.*, which collected cases from many districts to reach the conclusion that "general knowledge of a patent portfolio without more is insufficient even to plausibly allege knowledge of a particular asserted patent." *Id.* Thus, the Court's reasoning in *Sercomm* and *OnePlus* regarding the insufficiency of Atlas's notice letters was well-founded.

The Court's reasoning in those cases is similarly not affected by another court's ruling in *Atlas Global Technologies LLC v. TP-Link Technologies Co.*, No. 2:21-CV-00430-JRG-RSP, 2023 WL 5346030 (E.D. Tex. Aug. 4, 2023). TP-Link did not move for dismissal for failure to state a claim at the pleading stage; whatever genuine disputes of material fact regarding a different defendant's pre-suit knowledge were developed during discovery and considered by that court at the summary judgment stage are irrelevant here. And although the *TP-Link* court stated that failure to identify specific patent numbers may not be fatal to establishing pre-suit knowledge in some circumstances where patents are allegedly standard essential, the decision provides no support for such an exception. *Id.* at *4.[3] Moreover, the law in this district is

---

[2] Although in *OnePlus* the Court did not ultimately dismiss Atlas's pre-suit inducement claims, that was only because the defendant there did not dispute willful blindness. *OnePlus*, 2023 WL 2467887, at *6. As noted above, Atlas does not dispute its failure to sufficiently plead willful blindness in this case.

[3] The court only cited to *Mobile Equity Corp. v. Walmart, Inc.*, No. 2:21-cv-00126-JRG-RSP, 2022 WL 4587554 (E.D. Tex. Sept. 8, 2022), which did not consider an SEP situation.

different: "the Court will typically require that the defendant receives a notice letter identifying the asserted patents, identifying the accused products, and suggesting that the accused products are either relevant to or infringe the asserted patents." *Textile Comp. Sys. v. Broadway Nat'l Bank*, 620 F. Supp. 3d 557, 565, 567 (W.D. Tex. Aug. 5, 2022) (Albright, J.). As the Court held in *Sercomm* and *OnePlus*, Atlas's notification letters here were insufficient to plead the knowledge required for pre-suit inducement and willfulness.

### III.    Atlas's August 3, 2021 Presentation Did Not Identify the '310, '172, and '526 Patents or Make Any Connection to Those Patents.

Atlas's reliance on an alleged August 3, 2021 presentation by Atlas to Dell also fails to allege facts sufficient to plausibly infer actual knowledge. That presentation did not identify the '310, '172, and '526 patents or otherwise distinguish those patents from the hundreds of other patents and patent applications in the portfolio. Instead, Atlas argues that two things were communicated in that meeting: (1) that the patents are SEPs for Wi-Fi 6, and (2) that the patent portfolio as a whole was related to several concepts: "trigger frames, simultaneous multi-user acknowledgment, spatial reuse, and multi-user synchronization." Resp. at 5.[4] But the June 21, 2021 letters already identified the portfolio as a Wi-Fi 6 SEP portfolio, so the only further issue raised by the August 2021 presentation is whether Atlas's contention that its patent portfolio related generally to "trigger frames, simultaneous multi-user acknowledgment, spatial reuse, and multi-user synchronization" is sufficient to convert general knowledge of the portfolio to actual knowledge of infringement of the '310, '172, and '526 patents.

---

[4] Atlas attaches an alleged presentation as Exhibit 1 to its Response brief. However, the Court cannot consider that exhibit on a motion to dismiss, as it was not attached to the Complaint and is not subject to judicial notice. *See, e.g.*, *Calogero v. Shows, Cali & Walsh, LLP*, 970 F.3d 576, 579 n.1 (5th Cir. 2020) ("In deciding a motion to dismiss the court may consider documents attached to or incorporated in the complaint and matters of which judicial notice may be taken."); *Millan v. Bexar Cty., Tex.*, No. SA21-cv-0659-JKP-HJB, 2022 WL 62541, at *4 (W.D. Tex. Jan. 5, 2022) ("[I]f the operative pleading references a document that is merely evidence of an element of a claim, the courts do not incorporate it into the pleading.").

Atlas's identification of various supposed Wi-Fi 6 features, without tying any of them to specific patents, fails to plead actual knowledge. There is no dispute that the concepts allegedly discussed in the meeting do not appear in any of the claims of the '310, '172, and '526 patents. *See* Mot. at 7-8. Indeed, Atlas makes no attempt, either in its Complaint or Response, to connect any of the concepts allegedly described at the August 2021 meeting to these specific patents. Nor does Atlas explain how any connection to those patents, as opposed to others, would be sufficiently apparent to infer actual knowledge, especially as Atlas allegedly followed up with Dell by later identifying *different* patents from its portfolio. *See* Comp. ¶ 26 (alleging knowledge of the other five Asserted Patents based on December 2021 correspondence).

Thus, Atlas's August 2021 presentation fares no better than the June letters that were held insufficient for pleading actual knowledge in *Sercomm* and *OnePlus*. Atlas's broad identification of alleged improvements in Wi-Fi technology, without more, does not somehow convert general knowledge of a portfolio to actual knowledge of alleged infringement as to each patent within it. Contrary to Atlas's assertion, courts in this district have reached that same conclusion. In addition to *Sercomm* and *OnePlus*, the Court in *Textile Computer* held that "describ[ing] certain implementations of the patented technology" without identifying the specific patents is insufficient for actual knowledge. 620 F. Supp. 3d at 565. Rather, identification of the asserted patents is required. *See id.* Atlas makes no attempt to distinguish *Textile Computer*.[5]

Therefore, Atlas's allegations regarding the June 2021 letters and August 2021 presentation do no more than allege "a general knowledge of Atlas's patent portfolio," insufficient for pre-suit inducement and willfulness. *Sercomm*, 638 F. Supp. 3d at 728.

---

[5] Atlas also does not dispute that its allegations of Dell's marketing activities for Accused Products with substantial non-infringing uses fail to sufficiently allege specific intent to encourage pre-suit inducement. *See* Mot. at 12-13 (citing, *inter alia*, *Warner-Lambert Co. v. Apotex Corp.,* 316 F.3d 1348, 1365 (Fed. Cir. 2003)).

Defendants' Reply ISO Partial Motion to Dismiss SAC Under Rule 12(b)(6)

Case 6:23-cv-00350-ADA    Document 57    Filed 09/15/23    Page 10 of 14

**IV.    Atlas's Post-Suit Inducement Claims Are Based on No More Than Alleged Post-Suit Infringement, Which Is Insufficient to Allege Intent.**

As to post-suit induced infringement, Atlas's allegations are insufficient to plausibly allege specific intent to cause infringement because they rest only on knowledge of the '310, '172, and '526 patents from the Complaint itself and an allegation of post-suit infringement. *See Proxyconn Inc. v. Microsoft Corp.*, No. SACV 11-1681 DOC ANX, 2012 WL 1835680, at *5 (C.D. Cal. May 16, 2012) (explaining that a plaintiff cannot "bootstrap the knowledge Defendants now have based on Plaintiff's filing of the Complaint onto [D]efendant's acts before Plaintiff filed its complaint"). Atlas only attempts to distinguish *Proxyconn* on the basis that, here it has alleged pre-suit knowledge in addition to knowledge based on the Complaint itself. *See* Resp. at 6. But as discussed in Dell's motion, *see* Mot. at 4-12, and above, *see* §§ I-III, Atlas fails to plausibly allege pre-suit knowledge of the '310, '172, and '526 patents. Without knowledge of infringement, there can be no specific intent to induce infringement. *See Kyocera Wireless Corp. v. Int'l Trade Comm'n*, 545 F.3d 1340, 1354 (Fed. Cir. 2008) (holding that specific intent "requires more than just intent to cause the acts that produce direct infringement . . . [T]he inducer must have an affirmative intent to cause direct infringement.").

Furthermore, although Atlas characterizes *Proxyconn* as a minority view, it does not dispute the decision's underlying reasoning that "a defendant can not be held liable because it induced or contributed to another's acts *before* the defendant had knowledge," where, as here, alleged knowledge of infringement rests only on the Complaint itself. *Proxyconn*, 2012 WL 1835680, at *5. In such circumstances, "where a Defendant continues their allegedly infringing operation after they are sued, they may simply 'subjectively believe[] the plaintiff's patent infringement action has no merit.'" *Ravgen, Inc. v. Quest Diagnostics Inc.*, No. 21-cv-09011-RGK, 2022 WL 2047613, at *3 (C.D. Cal. Jan. 18, 2022) (quoting *Slot Speaker Techs., Inc. v. Apple, Inc.*, No. 13-cv-01161-HSG, 2017 WL 4354999, at *2 (N.D. Cal. Sept. 29, 2017)) (alteration in original). Thus, an allegation of post-suit infringement alone does not plausibly allege specific intent to cause infringement.

Defendants' Reply ISO Partial Motion to Dismiss SAC Under Rule 12(b)(6)

**V.     Atlas's Allegations of Post-Suit Willfulness Would Transform Every Garden-Variety Patent Infringement Suit Into a Willfulness Case, Contrary to *Halo*.**

Atlas's argument that a mere allegation of post-suit knowledge and continuing infringement, without more, is sufficient to plead enhancement for post-suit willfulness ignores the Supreme Court's caution that "enhanced damages . . . are not to be meted out in a typical infringement case." *Halo Elecs., Inc. v. Pulse Elecs. Inc.*, 579 U.S. 93, 103 (2016).[6] Accordingly, this Court has previously dismissed willfulness claims where, as here, "the complaint d[id] not allege any facts raising a plausible inference of the egregious behavior required under *Halo*." *Meetrix IP, LLC v. Cisco Sys., Inc.*, No. 1-18-cv-309-LY, 2018 WL 8261315, at *3-4 (W.D. Tex. Nov. 30, 2018); *see also VLSI Tech., LLC v. Intel Corp.*, No. 6:19-cv-254-ADA, 2019 WL 11025759, at *1 (W.D. Tex. Aug. 6, 2019) (Albright, J.) (dismissing without prejudice an allegation of post-suit willful infringement). These decisions are consistent with the "numerous district courts [that] have [also] concluded that an allegation of willful infringement without evidence of egregiousness is futile," including many that have dismissed allegations of willful infringement at the pleading stage because the plaintiff did not plausibly allege egregiousness. *Mich. Motor Techs. v. Volkswagen*, 472 F. Supp. 3d 377, 383 (E.D. Mich. July 13, 2020) (collecting cases). Atlas's argument to the contrary is the "minority view," not the other way around. *Id.* at 384.

Atlas fails to distinguish this district court's decision in *Meetrix* on the basis that its Complaint alleges pre-suit communications. As discussed above, *see* §§ II–III, the Complaint does not plausibly allege that the supposedly "lengthy discussions between Atlas and Dell,"

---

[6] Atlas incorrectly argues that "Dell's position regarding ***pre-suit*** willful infringement improperly conflates the requirements for pleading willful infringement with the requirements for awarding enhanced damages." Resp. at 1; *see also id.* at 9 (emphasis added). Dell's argument is that the "***post-suit*** allegations concerning the '310, '172, and '526 patents present exactly the type of 'garden-variety' patent case that *Halo* deems insufficient for finding willfulness." Mot. at 15. In contrast, the pre-suit willfulness claims for those patents should be dismissed for failure to adequately plead pre-suit knowledge (and the insufficiency of pleading objective recklessness, which Atlas does not dispute). *See* Mot. at 4-10, 14; *supra*, §§ 1-3.

Defendants' Reply ISO Partial Motion to Dismiss SAC Under Rule 12(b)(6)

Resp. at 11, notified Dell of any alleged infringement of the '310, '172, and '526 patents, and therefore could not plausibly support egregiousness with respect to those patents. If anything, Atlas's alleged facts show that Dell behaved reasonably in seeking to understand Atlas's concerns. Dell repeatedly requested that Atlas identify "specific patent numbers," "sections of the standard," and "claim charts," for it to investigate, and Atlas repeatedly refused. *See* Compl. Ex. L.

Atlas's position that it need only allege post-suit knowledge and continuing conduct to plead a willfulness claim puts the cart before the horse. Allowing a post-suit willfulness claim where, as here, the plaintiff does not dispute its failure to allege post-suit facts that could plausibly support egregiousness would require the parties and the Court to spend time and resources on a claim that is entirely speculative at this point. These are precisely the pitfalls that a Motion to Dismiss is intended to avoid. *See Dell Mktg., L.P. v. Incompass It, Inc.*, 771 F. Supp. 2d 648, 654 (W.D. Tex. Feb. 9, 2011) ("The defenses enumerated in Rule 12(b) are designed to allow a court to dispose of defective cases early, without having to consider the underlying merits; this saves resources for both courts and litigants.").

Moreover, under Atlas's position, every patent case where a defendant *without pre-suit knowledge of infringement* continues to allegedly infringe while defending against the lawsuit would be subject to a willfulness claim and the specter of enhancement, even if they hold the "subjective[] belie[f that] the plaintiff's patent infringement action has no merit." *Ravgen*, 2022 WL 2047613, at *3 (internal quotation marks omitted). "[I]t should not be the case that every patent infringement lawsuit is automatically a willful infringement case. But if all that is required is the filing of a complaint and a plausible allegation of infringement, then every case would be a willful infringement case." *Wrinkl, Inc. v. Facebook*, No. 20-cv-1345-RGA, 2021 WL 4477022, at *8 (D. Del. Sept. 30, 2021). Such a result would be contrary to *Halo*'s teaching. *See also Halo*, 579 U.S. at 110 (Breyer, J., concurring) ("[T]he [*Halo*] Court's references to 'willful misconduct' do not mean that a court may award enhanced damages simply because the evidence shows that the infringer knew about the patent and nothing more.").

## VI.    Conclusion

Dell respectfully requests that the Court dismiss Atlas's claims for indirect and willful infringement of the '310, '172, and '526 patents.


DATED: September 15, 2023                    Respectfully submitted,


By:    _/s/ Brian C. Nash_____
        Brian C. Nash
        Texas Bar No. 24051103
        MORRISON & FOERSTER LLP
        300 Colorado Street, Suite 1800
        Austin, TX 78701
        Telephone: (512) 617-0654
        bnash@mofo.com

        GREGORY P. STONE (admitted _pro hac_)
        HEATHER E. TAKAHASHI
        ZACHARY M. BRIERS
        VINCENT Y. LING (admitted _pro hac_)
        MUNGER, TOLLES & OLSON LLP
        350 South Grand Avenue
        Fiftieth Floor
        Los Angeles, California 90071-3426
        Telephone: (213) 683-9100
        Facsimile: (213) 687-3702
        gregory.stone@mto.com
        heather.takahashi@mto.com
        zachary.briers@mto.com
        vincent.ling@mto.com

        _Attorneys for Dell Technologies Inc. and Dell Inc._

Defendants' Reply ISO Partial Motion to Dismiss SAC Under Rule 12(b)(6)

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served electronically, via ECF, on all counsel of record who are deemed to have consented to such service under the Court's local rules.

By:  /s/ Brian C. Nash
Brian C. Nash

Defendants' Reply ISO Partial Motion to Dismiss SAC Under Rule 12(b)(6)